SIMON BARASCH, Respondent, *v.* TRAVELERS INSURANCE COMPANY, Appellant.

First Department, December 21, 1943.

170

John G. Donovan of counsel (Moran, Galli & McGlinn, attorneys), for appellant.

David Goldstein of counsel (Lawrence Kovalsky with him on the brief; Goldstein & Goldstein, attorneys), for respondent.

Per Curiam. While the evidence in this case disclosed that plaintiff was suffering from a disease of the heart, it failed to establish that he was " wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit."

Ordinarily, if the evidence concerning the disabling effect of the disease is merely contradictory, the question is one for the jury. (Shabotzky v. Equitable Life Assur. Soc., 257 App. Div. 257.) Here, however, there was evidence that for the greater part of a month the plaintiff commuted almost daily between New York and Bridgeport, Connecticut, where he concerned himself during long business hours with the management of a store allegedly owned by his wife. Plaintiff conceded making such trips to Bridgeport on the dates testified to by defendant's witnesses, and the general nature of his activities, but did not concede that such activities amounted to engaging in business. We think the nature and continuity of the conceded occurrences required a holding, as a matter of law, that they defeated plaintiff's claim of total disability.

The determination of the Appellate Term and the judgment of the City Court should be reversed, and the complaint dismissed, with costs to the defendant-appellant in all courts.

Cohn, J. (dissenting in part). While I think that the verdict of the jury should be set aside upon the ground that it is contrary to the weight of the credible evidence, I do not agree that as a matter of law plaintiff is barred from recovery. Insofar as the judgment of this court directs a dismissal of the complaint, I dissent and vote for a new trial.

Townley, Glennon, Untermyer and Callahan, JJ., concur in Per Curiam opinion; Cohn, J., dissents in memorandum.

Determination of the Appellate Term and the judgment of the City Court reversed and the complaint dismissed, with costs to the defendant-appellant in all courts. [See post, p. 819.]